**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

Christopher Polansky

   v.                                   Case No. 20-cv-1103-JL

State of New Hampshire

## REPORT AND RECOMMENDATION

Petitioner, Christopher Polansky, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from the remaining conditions of his medical parole, which he asserts the New Hampshire Adult Parole Board ("APB") "irresponsibly" extended from a planned termination date of December 2020 until 2023. The matter is before the court to determine whether the petition is facially valid and may proceed. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); see also § 2254 Rule 1(b); LR 4.3(d)(4).

### Background

Mr. Polansky was previously incarcerated at the New Hampshire Department of Corrections, but has been released on medical parole, pursuant to New Hampshire law. He presently resides in Texas but remains subject to restraints imposed upon him by the APB. He claims that the COVID-19 pandemic makes further compliance with the conditions of his medical parole

difficult or impossible, and that the APB's recent decision to extend his medical parole until 2023 was "irresponsibl[e]."

Setting aside the substantial questions of whether this court would have territorial jurisdiction, given Mr. Polansky's residence in Texas; whether the petition should be recharacterized as a petition filed under 28 U.S.C § 2254; and whether the claims asserted by Mr. Polansky implicate a claimed violation of any federal right which could be adjudicated in a federal habeas petition under 28 U.S.C. § 2241 or 28 U.S.C § 2254, it is apparent that Mr. Polansky's petition must be dismissed for lack of exhaustion.  Inmates and parolees in state custody seeking release from custodial restraints must generally exhaust their state remedies, that is, litigate their federal claims completely at each available level of the state court system, before they can obtain relief.  See Timms v. Johns, 627 F.3d 525, 530-31 (4th Cir. 2010); McPherson v. Lamont, 457 F. Supp. 3d 67, 75 (D. Conn. 2020); Bancroft v. Massachusetts, 525 F. Supp. 2d 237, 241 (D. Mass. 2007); see also 28 U.S.C § 2254(b).  Nothing before this court suggests that Mr. Polansky has previously filed a petition or complaint in any New Hampshire state court seeking judicial review of any pertinent decision of the APB, or that he has otherwise obtained a final judgment in the New Hampshire courts regarding the imposition of the challenged conditions or length of his parole.  Accordingly,

2

the district judge should dismiss the Mr. Polansky's habeas
petition, without prejudice, for failure to exhaust.

### Certificate of Appealability

Although a certificate of appealability ("COA") is not
essential when a habeas petitioner seeks relief under section
2241, the district judge should decline to issue a COA in this
case.[1]  A COA may issue "only if the [petitioner] has made a
substantial showing of the denial of a constitutional right."
28 U.S.C. § 2253(c)(2); see also Slack v. McDaniel, 529 U.S.
473, 483-84 (2000).  When the district court denies a habeas
petition on procedural grounds without reaching the underlying
constitutional claim, a COA should issue when the inmate shows,
at least, that jurists of reason would find it debatable whether
the petition states a valid claim of the denial of a
constitutional right and that jurists of reason would find it
debatable whether the district court was correct in its
procedural ruling.  Slack, 529 U.S. at 484.  Here, Mr. Polansky

---

[1] See Gonzalez v. Justices of the Mun. Court, 382 F.3d 1, 12
(1st Cir. 2004) ("Where, as here, a habeas petition is governed
by section 2241, a certificate of appealability is not
essential."), jt. vacated on other grounds by 544 U.S. 918
(2005), and reinstated, 420 F.3d 5 (1st Cir. 2005).  But see
Winburn v. Nagy, 956 F.3d 909, 912 (6th Cir. 2020) ("The circuit
courts speak as one in their holdings that the language of
§ 2253(c)(1)(A) requires certificates of appealability for all
state-prisoner habeas appeals, whether seeking pretrial relief
under § 2241 or post-conviction relief under § 2254.").

has not made a substantial showing of the denial of any
constitutional right, and reasonable jurists would not debate
that his failure to exhaust his state remedies bars further
review of his claims at this time.

### Conclusion

For the foregoing reasons, the district judge should
dismiss Mr. Polansky's petition without prejudice and decline to
issue a certificate of appealability.  Any objections to this
Report and Recommendation must be filed within fourteen days of
receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The
fourteen-day period may be extended upon motion.  Failure to
file objections within the specified time waives the right to
appeal the district court's order.  See Santos-Santos v. Torres-
Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

March 15, 2021

cc:  Christopher Polansky, pro se

4